IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ZIESKE,

      Plaintiff,

      v.

VISION FINANCIAL NETWORK; AMERICAN BROKERS CONDUIT, INC., a New York Corporation; SHAHRAM YEKTARAD, An Individual; MICHAEL AZAD, An Individual; NATIONSTAR MORTGAGE, LLC, A Delaware Limited Liability Corporation, and DOES 1 through 20, inclusive,

      Defendants.
_____/

No. 2:10-cv-00769 GEB KJN

ORDER

      Presently before the court is plaintiff Robert Zieske's second amended motion for entry of default judgment, which seeks entry of default against two of four remaining defendants: Vision Financial Network ("Vision"), and Shahram Yektarad.[1]  Plaintiff noticed the motion for January 27, 2011, at 10:00 a.m., in Courtroom 25.  (Dkt. No. 44.)

      It appears plaintiff may not have served "every party" with the notice of motion in

---

[1] This action proceeds before the undersigned pursuant to Eastern District Local Rule 302(c)(19) and 28 U.S.C. § 636 (b)(1).

1

accordance with Federal Rule of Civil Procedure 5(a)(1)(D).  This Rule provides for service of written motion papers upon "every party," except those in default.  Fed. R. Civ. P. 5(a)(1)(D)-(a)(2).

Defendant Michael Azad, who is appearing without counsel (Dkt. No. 13), has indicated via a request for an extension of time filed with this court that he was not served with plaintiff's second amended motion for entry of default judgment.  (Dkt. No. 45.)  Defendant Azad has indicated he only became aware of that motion on January 19, 2011, during his communication with court staff regarding a minute order that had been mailed to him.  Further, a review of the proof of service appended to the second amended notice of motion and motion for entry of default judgment reflects service upon defendant Yektarad and defendant Vision, but not upon defendant Azad or any other defendants.  (Dkt. No. 44 at 4-5.)

Aside from the above-stated rule requiring service on every party, plaintiff has also alleged that defendant Vision is "Azad's company."  (First Am. Compl. ¶ 19, Dkt. No. 23.)  Given the pleaded connection between defendants Azad and Vision, and given that defendant Vision faces a potential default judgment on the pending motion, failure to serve defendant Azad may be particularly prejudicial.

Defendant Azad has requested that the hearing presently set for January 27, 2011, be continued to February 10, 2011, at 10:00 a.m.  (Dkt. No. 45.)  However, to ensure that every party receives the requisite notice of the second amended motion for default judgment, see E.D. Cal. L.R. 230(b), the undersigned vacates the hearing date and orders plaintiff to re-notice his motion for a new hearing date.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The hearing on plaintiff's second amended motion for entry of default judgment (Dkt. No. 44), presently set for January 27, 2011, is vacated.

2. Plaintiff shall re-notice the second amended motion for entry of default judgment for a hearing date so as to provide every party the requisite twenty-eight (28) days'

notice in accordance with Eastern District Local Rule 230(b) and Federal Rule of Civil Procedure 5(a)(1)(D);

       3.     Plaintiff shall serve the second amended motion for entry of default judgment and supporting papers upon <u>every</u> party, in accordance with Federal Rule of Civil Procedure 5(a)(1)(D);

       4.     Plaintiff shall file the amended notice of motion and proof of service with the court.

IT IS SO ORDERED.

DATED: January 20, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE